STATE *vs*. MICHAEL NEAGLE, appellant.

Sagadahoc, 1875.—May 4, 1876.

*Evidence. Trial. Jurors.*

Upon the trial of one charged with having in his possession intoxicating liquors with intent to sell the same in violation of the law, the record of his previous conviction for a similar offense is admissible in evidence upon the question of intent.

And the docket entries may be read to the jury, when a more extended record has not been made.

Irregularity in the drawing of jurors is not a ground for setting aside a verdict, unless it appears that the party, moving to have the verdict set aside, was injured by the irregularity.

ON EXCEPTIONS.

COMPLAINT, for search and seizure of intoxicating liquors, on appeal from the municipal court of Bath.

On the trial of the appeal, the government introduced the judge of the municipal court as a witness, who was allowed, against objection, for substance and form, to read his docket entry of a former conviction of respondent for a similar offense. After the verdict of guilty, the defendant moved to set it aside for informality in the drawing of the jurors who sat in the trial.

In the hearing of the motion, it appeared in evidence that before the jurors named therein, who were a part of the jury who rendered the verdict, were drawn, the tickets containing the names of jurors who had served within three years previous, had been withdrawn from the jury box of the city of Bath, and still remained out, and the defendant had no knowledge of the fact before the verdict was

rendered. The judge overruled the motion, and the defendant alleged exceptions.

*W. Gilbert*, for the defendant.

*W. T. Hall*, county attorney, for the state.

WALTON, J. Upon the trial of one charged with having in his possession intoxicating liquors with intent to sell the same in violation of law, the record of a previous conviction of a similar offense is admissible in evidence upon the question of intent. So decided in *State* v. *Plunkett*, 64 Maine, 534.

And the docket entries may be read to the jury, when a more extended record has not been made. *Leathers* v. *Cooley*, 49 Maine, 337. *Pierce* v. *Goodrich*, 47 Maine, 173. *Longley* v. *Vose*, 27 Maine, 179. *Read* v. *Sutton*, 2 Cush., 115. *Pruden* v. *Alden*, 23 Pick., 184.

Irregularity in the drawing of jurors is not a ground for setting aside a verdict, unless it appears that the party moving to have the verdict set aside was injured by the irregularity. R. S., c. 82, § 78. R. S., c. 134, § 20. No such injury appears in this case.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.