### SAPIR et al. v. UNITED STATES.

#### (Circuit Court of Appeals, Second Circuit. November 9, 1909.)

#### No. 23.

CRIMINAL LAW (§ 370*)—EVIDENCE—EVIDENCE OF SIMILAR OFFENSES.

In a prosecution under Act March 3, 1875, c. 144, § 2, 18 Stat. 479 (U. S. Comp. St. 1901, p. 3676), for knowingly receiving property stolen from a navy yard of the United States, on the question of knowledge, evidence is admissible to show that the defendant had received and purchased articles of the same general character stolen from such navy yard at other times.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 825; Dec. Dig. § 370.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Israel Sapir and Rose Sapir were convicted of receiving stolen property, and bring error. Affirmed as to Israel Sapir, and reversed as to Rose Sapir.

This cause comes here upon a writ of error to review a judgment of the Circuit Court, Eastern District of New York, convicting Israel Sapir and Rose Sapir of a violation of the provisions of Act March 3, 1875, c. 144, § 2, 18 Stat. 479 (U. S. Comp. St. 1901, p. 3676), which forbids the receiving of any property stolen from the United States, with knowledge that the same has been so stolen. The indictment contained three counts, but for some reason which is not explained the second and third counts were withdrawn from the consideration of the jury.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. S. Chilton, for plaintiffs in error.

Wm. J. Youngs (S. B. Strong, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The first count, which is the only one before us, charged that on August 3, 1908, at the borough of Brooklyn, defendants did knowingly, willfully, and unlawfully receive and conceal certain property, to wit, certain brass composition, which had been theretofore stolen from the United States and from the United States navy yards in Brooklyn, defendants knowing that said property had been so stolen.

Error is assigned to the admission of testimony as to transactions had with the defendants by a person other than the one who sold the stolen piece of brass. It is also contended that, such evidence being eliminated, there was not sufficient to send the case to the jury, and that a verdict of acquittal should have been directed.

The testimony as to the piece of brass was given by the witness Ready. He testified that at all the times referred to he was employed in the navy yard, and that he first saw both defendants in their junk shop, which was about three blocks from the Sand street entrance of the navy yard, about two weeks before the 4th day of August, 1908. He went into the shop, taking a few things with him. He does not say what they were. He sold them to the man, the woman being present, for 24 cents. On August 3d he again went into the shop with some old rubbish or junk, including the particular brass casting, which witness said was government property "found" by him in the ditch in the navy yard. He was working in the navy yard that day, went out for noon, and then went into the junk shop. He did not see the woman at all that day. He did see Israel Sapir, to whom he gave the stuff. Israel weighed it and gave him 18 cents for the lot, not asking him for his name or address. This evidence fails to connect Rose Sapir in any way with this particular brass casting, the subject of the first count; and, since the other counts were eliminated before the cause was sent to the jury, we think they should have been instructed to acquit her.

Having shown by the witness Ready the receipt of property which the witness had stolen from the United States, the government undertook to show facts and circumstances from which the jury might infer that, when Israel Sapir received the brass casting, he knew it had been so stolen. It was shown that one Cunningham was also a navy yard employé; that on several different days in July and August, about the noon hour, he was seen to go from the navy yard to the junk shop, where he remained for about five minutes, and then returned to the navy yard. Sometimes he went in the front entrance, sometimes in what was called the "hall entrance." On each occasion his coming was apparently watched for. Either one or other defendant—usually the woman—was outside the door looking up and down the street, and when Cunningham got within about half a block the watcher went

inside and closed the door. On August 4th Cunningham entered the shop in the usual way and was promptly followed by detectives, who seized him and took from him three brass castings, which were hung on a string. from his neck under his shirt. The defendant Rose Sapir, being asked by one of the detectives how many times Cunningham had been there, stated that she had never seen him before, and immediately afterwards addressed him by his first name. Various articles, identified as navy yard property, were found in the shop. In the afternoon of August 3d one Anderson was arrested in the shop, where he had just brought three pieces of lead, which he had taken from one of the battleships in the yard. He took them out of his hat, and gave them to Israel Sapir, who weighed them, and gave him 24 cents for them.

It is contended that all the evidence pertaining to Cunningham and to the exhibits taken from him should have been stricken out on motion, on the theory that a person cannot be convicted of one offense upon proof tending to show that he committed another. But it is well settled that in cases where the charge is of uttering forged notes, or passing counterfeit money, evidence as to other offenses is admissible, and "upon an indictment for receiving stolen goods evidence is admissible that the prisoner had received, at various other times, different parcels of goods, which had been stolen from the same persons, in proof of the guilty knowledge of the prisoner." Per Story, J., in Bottomley v. U. S., 1 Story, 135, Fed. Cas. No. 1,689, cited with approval in N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S. 599, 6 Sup. Ct. 877, 29 L. Ed. 997.

We think no error was committed in sending the cause to the jury on this proof, and we cannot disturb their finding. Indeed, we see no grounds for doing so.

The judgment is reversed as against Rose Sapir, and affirmed as against Israel Sapir.