## THE STATE, DEFENDANT IN ERROR, v. JOHN GARGARE, PLAINTIFF IN ERROR.

Submitted July 6, 1915—Decided October 15, 1915.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The defendant in this case was convicted of the crime of receiving stolen goods, viz., a Ford automobile belonging to Herbert I. Davis. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act.

"The first contention is that there was error in the refusal of the motion to quash. The only ground upon which the motion was based was that the indictment failed to state that the automobile was of any value. This was not a good ground to quash, for under the thirty-third section of the Criminal Procedure act, an indictment is not to be held insufficient for want of such a statement. But even if the ground suggested to the trial court had been sound, the refusal to quash would not justify a reversal of this judgment, for that is a matter in the discretion of the court; and as it is not a part of the proceedings at the trial (but a matter antedating those proceedings) it does not come within the purview of the one hundred and thirty-sixth section of the Criminal Procedure act.

"It is next contended that the plaintiff in error was not guilty of the offence of receiving stolen goods in the county of Ocean, because he was a principal in the larceny, which occurred in the city of New York, and that his only offence, therefore, was triable in another jurisdiction. The answer to this contention is that the defendant was not guilty of larceny in New York under the law as laid down by this court in the case of *State* v. *Wyckoff*, 31 *N. J. L.* 65.

"It is next contended that it was improper for the trial court to admit testimony showing other stealings of automobiles, not only by the party guilty of the theft in the present case, but by others, all of them at the instigation of

the plaintiff in error, and all of the stolen automobiles delivered to him subsequently in Ocean county. The testimony was properly admitted under the case of *State* v. *Popick,* 83 *N. J. L.* 318.

"Next it was claimed that there was error in the following instructions to the jury: 'If you find the circumstances of that purchase, or getting, on the part of the defendant were such as to lead a rational man, a man of ordinary caution and intelligence, to be put on his inquiry, and would compel that man's mind to believe that those goods were stolen; if you find that the circumstances were such as I have described, then such circumstances may be sufficient to justify you in finding a verdict of guilty.' This instruction was justified by our decision in *State* v. *Goldman,* 65 *N. J. L.* 394, and our subsequent decision in *State* v. *Di Benedetto,* 82 *Id.* 168.

"Lastly, it is contended that the following excerpt from the charge was erroneous: 'The goods must have been stolen, or else they must have gotten into the hands of the man who sold them in a fraudulent and corrupt manner.' In using this language the court practically adopted the words of the statute upon which the indictment was founded. *Pamph. L.* 1906, *p.* 431. The latter part of the excerpt had no application to the case then being tried, for there was no pretence that the automobile in question had got into the hands of the person from whom the plaintiff in error received it in any way except by a direct theft. But the immateriality of this part of the excerpt will not justify a reversal, for manifestly, it could have produced no harm to the plaintiff in error.

"The judgment under review will be affirmed."

For the plaintiff in error, *R. T. Stout* and *Aaron V. Dawes.*

For the defendant in error, *Harry E. Newman,* prosecutor of the pleas.

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.

*For reversal*—None.