### MIKE MEHLMAN v. THE STATE.

No. 6932.   Decided April 26, 1922.

Rehearing denied November 8, 1922.

**1.—Receiving Stolen Property—Other Offenses—Evidence—Guilty Knowledge.**

There is nothing in the nature of testimony in the instant case which differentiates it from the rule which sanctions proof of other criminal transactions in solving the issue of guilty knowledge in prosecutions for this offense, and there was no error in admitting such testimony. Following Morgan v. State, 31 Texas Crim. Rep., 9, and other cases.

**2.—Same—Charge of Court—Guilty Knowledge—Name of Owner.**

There was no error in refusing to instruct the jury to acquit unless the defendant knew that the alleged property was stolen from the original owner, as it was enough if he knew it was stolen, and it was not necessary that the name of the owner should be alleged or proved.

**3.—Same—Rehearing—Owner—Knowledge—Fraudulent Intent.**

It was not necessary to prove that appellant, in receiving the property, knew it was stolen from any particular party, if he received it fraudulently, knowing that the same was acquired by theft.

**4.—Same—Accomplice—Corroboration.**

Where, upon trial, of receiving stolen property, the testimony of the accomplices was sufficiently corroborated, there was no reversible error.

**5.—Same—Other Offenses—Evidence.**

Upon trial of receiving stolen property, there was no error in admitting testimony of other like offenses, under the facts of this case. Following Hanks v. State, 117 S. W. Rep., 150. Distinguishing Bismark v. State, 45 Texas Crim. Rep., 54.

Appeal from the District Court of Ellis. Tried below before the Hon. W. L. Harding.

Appeal from a conviction of receiving and concealing stolen property; penalty, a fine of $100 and confinement in the county jail for 30 days.

*Tom Whipple,* for appellant.—On question of knowledge and ownership: McKay v. State, 49 Texas Crim. Rep., 120; Kobb v. State, 88 id., 593, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Appellant appeals from a judgment of conviction of the offense of fraudulently receiving stolen property— a misdemeanor.

It is charged that he received property from Jess Lee Jones and Burnice Winn. The defense urged is that he received the property from Winn and not from Jones and that he did not know it was stolen.

Jones and Winn both testified that the property was stolen and that they together sold it to the appellant.

Appellant, in his confession and testimony, admits that he received the property and that Jones was present, but denies that he received it from Jones. There was testimony to the effect that on other occasions appellant had received stolen property from both Jones and Winn and others who acted with Winn on different occasions.

There is nothing in the nature of testimony in the instant case, as revealed in the bills of exceptions, which differentiates it from the rule which sanctions proof of other criminal transactions in solving the issue of guilty knowledge in prosecutions for this offense. On the subject, Mr. Wharton says:

"In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge." (Wharton's Crim. Ev., Vol. 1, Sec. 35, p. 135.) See also Morgan v. State, 31 Texas Crim. Rep., 9; Kaufman v. State, 70 Texas Crim. Rep., 438; Hennessy v. State, 23 Texas Crim. Rep., 355.

There was no error in refusing to instruct the jury to acquit unless the appellant knew that the property was stolen from Coleman. It was enough if he knew it was stolen. It was not necessary that the name of the owner should be charged or proved. See Penal Code, Art. 1349, defining the offense; and for form of indictment, see Branch's Ann. Tex. Penal Code, Sec. 2530.

The other complainants made by appellant of the manner of the trial have been considered but a discussion of them is deemed unnecessary, suffice it to say that from them we discern no error.

The judgment is affirmed.

*Affirmed.*

## November 8, 1922.

HAWKINS, JUDGE.—The indictment alleges that appellant fraud-ulently received from Winn and Jones certain described property which was the property of Joe Coleman and which had been stolen from him. In the motion for rehearing appellant assails that portion of our opinion in which we held "there was no error in refusing to instruct the jury to acquit unless the appellant knew that the property was stolen from Coleman."

The State having alleged that the property was stolen from Cole-man it was necessary for it to make proof of that fact, but it was not necessary to prove that appellant in receiving the property knew it was stolen from any particular party. If he received it fraudulently, knowing the same to have been acquired by theft it would be immaterial as to whether he knew the owner.

Winn and Jones testified upon the trial of appellant that they had burglarized Coleman's store and stolen the property described in the indictment and afterwards sold the same to appellant. The point is made that Winn and Jones were accomplices and that the record is bare of corroborative evidence as to the theft. If this were true a conviction against this appellant should not be permitted to stand upon their testimony, but we cannot so conclude from the record before us. Coleman testified that on the night Winn and Jones say they burglarized his store and stole the property his store was in fact burglarized and property answering the general descrip-tion contained in the indictment and identified by the testimony of Winn and Jones was taken. It is true he says he did not go to the place of appellant and identify the property as his, but we are inclined to the view that the testimony as to the fact of the burglary and theft from his store of property of like kind and character to that specifically described by the accomplices "tends to corroborate them" in their statement relative to the theft from him and sufficiently meets the requirement of the law in the particular complained of.

Objection is also urged that our opinion was in error wherein we held the admission in evidence of the reception of other stolen prop-erty by appellant admissible. We are cited by appellant to the case of Bismark v. State, 45 Texas Crim. Rep., 54, as supporting his prop-osition. An examination of the entire record leads us to believe that the Bismark case should not control in the present instance. The same boys both prior and subsequent to the sale of Coleman's goods to appellant had sold him other stolen property. The transactions were so nearly contemperoneous in time with the one under present consideration that he believe them to have been admissible. Hanks v. State, 55 Texas Crim. Rep., 177, presents somewhat similar facts to

the one under investigation and we think is authority for our holding herein. See, also Saldiver v. State, 115 S. W. Rep., 584; Wharton's Criminal Evidence, Volume 1, Section 35, at page 139. Even though the reception of the stolen property in the instant case was the first act of appellant in buying property from Winn and Jones, we do not believe it would have excluded the admission of subsequent acts of receiving stolen property by him from the same parteis, if they were sufficiently contemporaneous to make them otherwise admissible. It is argued persuasively that appellant may have received the property the first time in good faith and it would therefore be unjust to him to prove the subsequent reception of property although such latter receiving might have been in bad faith. We believe the objection goes rather to the weight of the testimony than to its admissibility.

Believing that the former disposition of the case was correct, the motion for rehearing is overruled.

*Overruled.*