(No. 15414.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. SADIE GOTLER, Plaintiff in Error.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*

1. CRIMINAL LAW—*evidence of prior offenses is admissible to prove guilty knowledge in receiving stolen property.* In a prosecution for receiving stolen property, to show guilty knowledge it is competent to prove that the accused had on other occasions prior to the offense charged received stolen property from the same thieves.

2. SAME—*when evidence of subsequent offenses is not admissible to prove guilty knowledge in receiving stolen property.* In prosecutions for receiving stolen property where it is proved that a defendant had on other occasions prior to the offense charged received stolen property from the same thieves, it is proper to prove subsequent transactions between the same parties as tending to show a continuous practice of dealing with thieves and the accused's knowledge that the property was stolen, but where there is no proof of prior transactions, evidence of subsequent offenses is not admissible.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

BURTON & BURTON, and J. M. BANDY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOSEPH P. STREUBER, State's Attorney, VIRGIL L. BLANDING, and M. P. SMITH, for the People.

Per CURIAM: The plaintiff in error, Sadie Gotler, was found guilty by a jury in the circuit court of Madison county of receiving stolen property,—that is, certain cartridges and shot-gun shells,—knowing the same to have been stolen, and she was sentenced on the verdict. This writ of error is brought to review that judgment.

The facts as shown by the record appear to be substantially as follows: Plaintiff in error, aged about thirty-five years, ran a general store at East Alton, Illinois, selling

clothing, dry goods, second-hand furniture and ammunition. Apparently she lived in the second story of the building in which the store was located. Henry Feldwich, night marshal of East Alton, testified that on the night of April 17, 1922, between eight and nine o'clock, while on his rounds with officer Hunt, he saw three men, Parker, Edmonds and Brown, standing in an eight-foot alley between Mrs. Gotler's building and a drug store, and that these men had with them three sacks full of brass valves. He testified that he and officer Hunt talked with the men but did not arrest them at that time. He picked up one of the brass valves that was lying on the ground and took it to the city hall, this valve being subsequently introduced in evidence by the State. Two other witnesses, J. W. Cooper and Olaf Lawman, testified for the People that they were in the vicinity and saw the three men and the sacks of brass valves. Lawman testified that he saw Parker and Mrs. Gotler in her building, and that she came down-stairs, put her hand in the cash register and handed Parker something.

Parker testified on behalf of the People that Mrs. Gotler called him into her store one day and asked if he would undertake to steal some property from the Western Cartridge Company and sell it to her; that he could make some money in this manner, and that there was another man, whom she named, making considerable money by selling stolen property to her. The witness testified that the cartridges and shot-gun shells in question were stolen by him from the Western Cartridge Company and sold to Mrs. Gotler. He also testified that he stole a number of brass valves, weighing 1500 pounds, from said company and sold them to Mrs. Gotler, and that he took about twelve electric light globes and some electric wire from the same company and sold these articles to her. He testified that he was then under indictment for the thefts in question, and according to the brief of defendant in error, Parker, Edmonds and Brown are now in the penitentiary.

Brown, one of the three men in the alley, testified for the People, in rebuttal, that he was in the alley at the time the officers saw the brass in the three sacks; that he, together with Parker and Edmonds, took the brass into Mrs. Gotler's store; that Parker told her it was the last time he was going to steal, but that she told him to get some more,—that they would not be caught and she would dispose of the brass before the police came back. He testified that he saw Parker throw the brass over the fence of the cartridge company, and that he (the witness) then went and got it, and that he helped carry the shells from the company's plant to Mrs. Gotler's store.

Plaintiff in error testified in her own behalf, stating that Parker had traded with her for some time; that he told her he was going to visit his wife's people and asked if she wanted to buy his gun, but that she examined it and found it broken; that he then offered to sell her shot-gun shells, and stated that he had a large number of cartridges on hand which he had purchased for his own use from the Western Cartridge Company; that he would take $10 for the ten cartons of cartridges but that after some dickering he agreed to take $8, of which she gave him $3 in cash and $5 in dry goods; that he stated he had bought the cartridges at forty cents a box from the company, as it was the custom of the company to allow employees to buy such goods at a discount. She denied that she had purchased brass valves or gun shells from Parker. She testified that the officers came to search her building, and that she went with them and the only thing found was the cartridges; that she never suggested to Parker that he steal anything to sell to her; that she could buy the cartridges from a wholesale firm for eighty cents a carton, which was the price she paid Parker. She denied the testimony of Parker as to any arrangements that he should steal property and sell to her, or as to any purchase of property by her from him knowing the same to be stolen.

The auditor of Madison county, called as a character witness on behalf of plaintiff in error, testified that so far as he knew, her general reputation in the neighborhood was good. The post-master of East Alton, called on behalf of the People, testified that her reputation for truthfulness and as a law-abiding citizen was bad. The latter witness was apparently the police magistrate before whom the preliminary proceedings in this case were had.

One of the officials of the Western Cartridge Company testified that the price paid for the kind of cartridges in question by the wholesale firm with whom Mrs. Gotler testified she dealt was $2.13 per carton and that he knew of no dealer who would sell a carton for eighty cents. Another official of the company testified that while it would be possible for an employee to accumulate ten cartons of cartridges by purchase from the company, it would not be possible that a case of shells should be sold to an employee or that the boxes sold to an employee would have the same stamp.

Counsel for plaintiff in error contend that the judgment of the lower court should be reversed because the court admitted, in order to show guilty knowledge, evidence of similar acts which occurred subsequent to the acts charged in the indictment; that the testimony shows the transactions testified to as to the sale of brass valves took place subsequent to the crime charged in the indictment and of which the plaintiff in error was convicted, and that the testimony of witnesses Feldwich, Cooper and Lawman concerned this brass. This evidence was objected to by counsel for plaintiff in error but the objections were overruled. As we understand the record, all the proof of similar transactions was of transactions which occurred subsequent to the offense charged in the indictment. The law in this State must be regarded as settled by repeated decisions, that in prosecutions for receiving stolen property, to show guilty knowledge, it is competent to prove that the accused had on

other occasions prior to the offense charged received stolen property from the same thieves, and when such former transactions are proved it is admissible to prove subsequent transactions between the same parties, as tending to show a continuous practice of dealing with thieves and the accused's knowledge the property was stolen. In *People* v. *Baskin*, 254 Ill. 509, which was an indictment for receiving stolen property, this court held the trial court properly struck out the testimony of a witness who testified to a transaction with the accused but could not say whether it occurred before or after the offense charged in the indictment, and that ruling was approved in *People* v. *Lindley*, 282 Ill. 377. *People* v. *Hobbs*, 297 Ill. 399, was an indictment for murder by means of abortion in 1916. No proof was made of any previous similar offense, but proof was admitted that more than a year subsequent to the commission of the crime charged the accused had committed an abortion on another woman and that she died. That proof was held to be reversible error for two reasons: First, that it was erroneous to admit the proof that the victim of the second abortion died; and second, that without proof of former offenses, proof of a subsequent offense has no tendency to establish that the accused was engaged in the unlawful business charged, before the commission of the subsequent offense. For the error in admitting the testimony of the subsequent offense the judgment was reversed. The ruling in that case was approved in *People* v. *Niles*, 300 Ill. 458, and is not in conflict with other decisions of this court or the weight of authority generally.

For the error in admitting the testimony referred to, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*