## N. M. Poon v. The State.

No. 14945.  Delivered April 6, 1932.

The opinion states the case.

*Bat Corrigan* and *Leonard Brown*, both of San Antonio, for appellant.

*Walter Tynan*, District Attorney, and *Benard Ladon*, Asst. District Attorney, both of San Angelo, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is fraudulently receiving stolen property; the punishment, confinement in the penitentiary for five years.

The place of business of Morris Block was burglarized and approximately $1,400 worth of cigars taken therefrom. Mr. Block testified that his store was entered on February 14, 1931, and that on April 3rd of the same year he went to appellant's place of business and found therein approximately $200 worth of cigars. Touching the identification of the property, he testified as follows: ""I identified them as my property, because nobody else in Texas handled those goods, Papier Mais, Ottoman Riz, Abadie and Salamander. There is nobody in San Antonio that would know where to get them. And I found a few Yellow Cab cigars in his store. Nobody else in San Antonio handles Yellow Cab cigars. There was one cigar company that handled the Yellow Cab cigar in San Antonio, but not this size, and they don't handle them any more; they had the large size, and this was the small size. * * * I most positively identify that property as the property having been stolen from my store on the 14th of February, yes sir."

Rudolph Mendez and Joe Stone, accomplice witnesses, testified that they burglarized Block's store and took therefrom an automobile load of cigars, which they carried to appellant's place of business. They said they made two trips from Block's store to appellant's. They testified, further, that they reached appellant's store shortly after midnight; that appellant came to the door and asked them what they had; that they told him they had some stolen cigars which they desired to sell; that appellant told him to bring the cigars into the house; that they stated they were going to steal him another load; that appellant paid them $30 for the cigars. Appellant offered no testimony.

Bills of exception 6 and 7 present the following occurrence: Over proper objection by appellant, the accomplice witnesses Mendez and Stone were permitted to testify that approximately a month after they burglarized Block's store and delivered the cigars taken therefrom to appellant, they burglarized the Piggly Wiggly and Handy Andy stores and stole a load of coffee, cigarettes and hams, which they sold and delivered to appellant at two o'clock in the morning. These accomplice witnesses

were the only persons who testified concerning the burglary of the Piggly Wiggly and Handy Andy stores and the delivery of the property stolen therefrom to appellant. The opinion is expressed that the testimony was erroneously received.

In cases of receiving stolen property, it is incumbent upon the state to establish, first, that the property was stolen, and, second, that the party charged with receiving such property did so with guilty knowledge. Bismark v. State, 45 Texas Crim. Rep., 54, 73 S. W., 965. In establishing the fact that the accused knew when he received the property that it was stolen, the evidence of other similar transactions between the same parties and near the same time is properly receivable. Glasser v. State, 90 Texas Crim. Rep., 116, 233 S. W., 969; Mehlman v. State, 92 Texas Crim. Rep., 557, 244 S. W., 602, 603. We quote from Wharton's Criminal Evidence, vol. 1, sec. 35, p. 135, as follows:

"In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution, and evidence of callateral offenses is admissible to establish such knowledge."

In Mehlman v. State, supra, proof that the same parties, both prior and subsequent to the delivery of the goods upon which the prosecution was based, sold to the accused other stolen property was held admissible. We quote the language of Judge Hawkins in the opinion, as follows: "We are cited by appellant to the case of Bismark v. State, 45 Texas Crim. Rep., 54, 73 S. W., 965, as supporting his proposition. An examination of the entire record leads us to believe that the Bismarck case should not control in the present instance. The same boys, both prior and subsequent to the sale of Coleman's goods to appellant, had sold him other stolen property. The transactions were so nearly contemporaneous in time with the one under present consideration that we believe it would have been admissible. Hanks v. State, 55 Texas Crim. Rep., 451, 117 S. W., 150, presents somewhat similar facts to the one under investigation, and we think is authority for our holding herein. See, also, Saldiver r. State, 55 Texas Crim. Rep., 177, 115 S. W., 584, 16 Ann. Cas., 669; Wharton's Criminal Evidence, vol. 1, sec. 35, at page 139. Even though the reception of the stolen property in the instant case was the first act of appellant in buying property from Winn and Jones, we do not believe it would have excluded the admission of subsequent acts of receiving stolen property by him from the same parties, if they were sufficiently contemporaneous to make them otherwise admissible."

In Bismarck v. State, supra, the prosecution was for receiving stolen property, it being alleged in the indictment that the property was received by the accused from one Edwards. The state was permitted to prove that approximately two weeks after the stolen property upon which the indictment was predicated had been delivered, Edwards burglarized two stores and delivered the stolen property from one of the stores to Bis-

marck, who was waiting in an alley near the scene of the burglary. In reaching the conclusion that error was committed in receiving proof of these subsequent transactions, the court said:

"If by this it was intended to introduce evidence for the purpose of showing guilty intent of appellant in receiving the goods charged to have been burglarized in this case, it occurs to us it is too remote. Mr. Wharton, in his work on criminal evidence, section 44, says: 'Guilty knowledge being the gist of the offense of receiving stolen goods, reception about the same time of other goods of the same character, stolen from the same person or persons connected with him, may be put in evidence on the trial of an alleged receiver; but the other occasions on which the stolen property was received must not be so far removed in point of time as to form entirely different transactions.' In this case the goods were not taken from the same person charged in the indictment, or persons connected with him; and, moreover, they were no part of the same transaction, but subsequent thereto, and were so removed in point of time as to form different transactions. Accordingly the testimony was not admissible."

Bismark's Case has never been overruled. It was cited with approval in Forrester v. State, 69 Texas Crim. Rep., 62, 152 S. W., 1041. It was referred to in Mehlman v. State, supra, but there held not to control, in that the transactions involved in Mehlman's Case were so nearly contemporaneous in time as to make them admissible. The situation in the present case is substantially the same as that in Bismark's Case. Hence in view of the fact that the penalty is three years in excess of the minimum, we are constrained to order a reversal.

The court charged the jury that Mendez and Stone were accomplice witnesses, and gave the customary instruction touching the necessity of corroboration. The charge failed to advise the jury that the accomplice witnesses should be corroborated both as to the theft and as to the receiving of the stolen property. Appellant timely and properly excepted to the charge for its failure to so instruct the jury. The charge should have been amended. Hanks v. State, 55 Texas Crim. Rep., 405, 117 S. W., 149; Brewer v. State, 93 Texas Crim. Rep., 213, 246 S. W., 663; Bloch v. State, 81 Texas Crim. Rep., 1, 193 S. W., 303; Johnson v. State, 42 Texas Crim. Rep., 440, 60 S. W., 667. The state concedes that the court fell into error in declining to amend the charge, but contends that the error was harmless. We deem it unnecessary to determine whether, under the evidenc, the state's position is tenable. Upon another trial, the charge on accomplice testimony should comply with the requirements of the law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.