## WITTERS v. UNITED STATES.

### No. 7295.

United States Court of Appeals for the District of Columbia.

Decided June 27, 1939.

·MILLER, Associate Justice, dissenting.

Ch'arles A. Schaeffer and Joseph A. Mc-Menamin, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and John W. Jackson, Asst. U. S. Atty., both of Washingtor., D. C.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted of the crime of receiving stolen property.[1] The evidence discloses that a youth named Joe Davis stole a bicycle from one John Giannakis and sold it to appellant for four dollars. A witness testified that he was present on this occasion, that appellant then told Joe Davis, the witness and two other boys that if they got any more bicycles, to bring them around and she would buy them. For the purpose of showing that appellant knew she was purchasing stolen property the Government proved that thereafter on three separate occasions within a period of about two weeks appellant purchased other bicycles from three different boys. These boys testified that the bicycles thus sold had been stolen by them; that appellant told them at various times to get more and she would buy them; and that, on one occasion, after one of the boys had informed her of the larcenous character of the bicycle then being sold, she stated she was aware of the fact. It is contended on this appeal that the trial court erred (1) in admitting testimony involving a separate alleged offense for which appellant was under separate indictment awaiting trial; (2) in admitting into evidence testimony concerning other transactions of a similar nature; and (3) in refusing to direct a verdict of acquittal, because, except for improperly admitted evidence, there was not sufficient evidence to support a verdict of guilty.

The fact that appellant was under indictment for another offense did not make evidence of that offense—if otherwise competent—inadmissible in the present case. Appellant cites no authorities in support of her contention on this point; the few cases in which it has been considered hold the contrary;[2] and there is no logical reason why a co-pending indictment should produce such a result. A closely related question arises where the accused seeks to bar a subsequent prosecution under the second indictment on the ground that evidence of the offense charged therein has been received in the first prosecution. Although it has been suggested in an English case that "as a matter of candor" the prosecutor should "waive the other indictment",[3] nevertheless, no bar results under circumstances such as existed in the present case because there was no sufficient identity between the offenses charged in the two indictments for prosecution under the first to put appellant in jeopardy under the second.[4] Similarly, it has been held that where an

---

[1] The applicable statute provides: "Any person who shall receive or buy anything of value which shall have been stolen or obtained by robbery, knowing the same to be so stolen or so obtained by robbery, with intent to defraud the owner thereof * * * shall suffer imprisonment * * *." D.C.Code (1929) tit. 6, § 64.

[2] Pittman v. State, 51 Fla. 94, 119, 120, 41 So. 385, 393, 394, 8 L.R.A.,N.S., 509; Rex v. Davis, 6 C. & P. 177, 25 Eng. C.L.Rep. 381; McCartney v. State, 3 Ind. 353, 56 Am.Dec. 510; Commonwealth v. Stearns, Jr., 10 Metc., Mass., 256, 257, 258; 1 Wharton, Criminal Evidence (10th ed. 1912) 137. See also, State v. Ray, 209 N.C. 772, 776, 184 S.E. 836, 838; Breedin v. United States, 4 Cir., 73 F.2d 778, 780.

[3] Rex v. Davis, 6 C. & P. 177, 25 Eng. C.L.Rep. 381.

[4] See United States v. Randenbush, 8 Pet. 288, 8 L.Ed. 948; McCreary v. Com-

accused person has been acquitted or convicted under one indictment and is on trial under another, evidence concerning the offense charged in the first may properly be received on the trial of the second,[5] in the absence of double jeopardy,[6] if it is otherwise admissible.

■ Appellant contends, however, that evidence of collateral offenses was inadmissible in the present case, because to make such evidence admissible it must appear that the goods received on the several occasions were (1) stolen goods, (2) of a similar character, (3) received by the accused with knowledge of that fact, (4) from the same thief, and (5) prior to the commission of the offense charged.

In the present case the goods received by appellant were the same in each instance, i. e., bicycles. Sufficient proper evidence appears from which a jury could have found that the goods were stolen and that appellant was aware of that fact. Neither is the admissibility of evidence of other offenses subject to the qualification that the goods must have been received by the accused from the same person. A similar contention was made in Gassenheimer v. United States, 26 App.D.C. 432, 444, and, although it was not necessary to the decision of the case, the court there said: "It may, however, arise upon another trial.

There is some conflict of authority upon the question whether, under this exception, the proof relating to other embezzled goods shall be confined to such as shall have been received from the same embezzler; but, in our opinion, those which deny this limitation are more in accord with the reason on which the admissibility of other transactions than those charged in the indictments has been established." This statement finds ample support in the decided cases[7] and we adopt it for the present case.

■ We come then to appellant's "ground of appeal" which reads as follows: "The Court erred in allowing the Government to introduce alleged subsequent offenses to prove a prior offense." The general rule is that evidence is inadmissible which tends to prove that the accused committed a crime other than the one charged in the indictment.[8] But this rule is subject to certain well-established exceptions[9] "to the end that all relevant facts and circumstances tending to establish any of the constituent elements of the crime" for which the accused is on trial may be made to appear.[10] Thus, one exception to the general rule made admissible the evidence to which appellant objected, for the purpose of proving that the act alleged in the indictment was performed by her with that particular intent which is an essential, constituent element of the crime charged.[11] It might also

monwealth, 163 Ky. 206, 214, 173 S.W. 351, 355. See also, Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306; Johnson v. Commonwealth, 201 Ky. 314, 256 S.W. 388, 35 A.L.R. 86, noted in 37 Harv.L.Rev. 912.

5 Woodman v. United States, 5 Cir., 30 F.2d 482, certiorari denied, 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 997 (acquittal); Bell v. Maryland, 57 Md. 108, 116, 117 (acquittal); State v. Robinson and Chittenden, 16 N.J.L. 507 (acquittal); State v. Lucken, 129 Minn. 402, 152 N.W. 769 (acquittal); Mitchell v. State, 140 Ala. 118, 37 So. 76, 103 Am.St.Rep. 17 (acquittal); McCartney v. State, 3 Ind. 353, 56 Am.Dec. 510 (acquittal); State v. Houston, 1 Bailey, S.C., 300 (acquittal); State v. Neagle, 65 Me. 468 (conviction); Crass v. State, 31 Tex.Cr. 312, 20 S.W. 579 (conviction); 1 Wigmore, Evidence (2d ed. 1923) § 317.

6 Miller v. United States, 41 App.D.C. 52, 66, certiorari denied, 231 U.S. 755, 34 S.Ct. 323, 58 L.Ed. 468; Fall v. United States, 60 App.D.C. 124, 128, 129, 49 F.2d 506, 510, 511, certiorari denied, 283 U.S. 867, 51 S.Ct. 657, 75 L.Ed. 1471.

7 Winfield v. State, 44 Okl.Cr. 232, 280

P. 630, 632; State v. Zeman, 63 Utah 422, 226 P. 465; State v. Gargare, 88 N. J.L. 389, 95 A. 625; Sapir v. United States, 2 Cir., 174 F. 219. See also, People v. Marino, 271 N.Y. 317, 3 N.E.2d 439, 105 A.L.R. 1283, overruling the earlier New York authorities.

8 Boyd v. United States, 142 U.S. 450, 458, 12 S.Ct. 292, 35 L.Ed. 1077; Laughlin v. United States, 67 App.D.C. 355, 358, 92 F.2d 506, 509; MacLafferty v. United States, 9 Cir., 77 F.2d 715, 719, 720; Burge v. United States, 26 App.D.C. 524, 534, 535, 536.

9 United States v. Sebo, 7 Cir., 101 F.2d 889, 891. See Burge v. United States, 26 App.D.C. 524, 536; People v. Molineux, 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193.

10 Price v. United States, 53 App.D.C. 164, 166, 289 F. 562, 564; Fall v. United States, 60 App.D.C. 124, 130, 49 F.2d 506, 512, certiorari denied, 283 U.S. 867, 51 S.Ct. 657, 75 L.Ed. 1471.

11 State v. Baker, 84 W.Va. 151, 99 S.E. 252; Jeffries v. United States, 7 Ind.T. 47, 103 S.W. 761; People v. Zimmerman, 11 Cal.App. 115, 104 P. 590. See Holt v. United States, 6 Cir., 42 F.2d 103, 106; Schultz v. United States, 8 Cir., 200 F.

have been admitted, under another exception, if it had tended to prove a scheme or system embracing the commission of two or more crimes so related to each other that proof of one tended to establish the commission of the one charged in the indictment.[12]

■ In the present case the trial court instructed the jury that it might consider the evidence of the subsequent purchase by the accused of other bicycles upon the question of her knowledge that the Giannakis bicycle was stolen. In the opinion of the majority the lower court extended the exception to the general rule too far. The reason which made this evidence inadmissible is that knowledge is "information as to a fact. The act of knowing; clear perception of the truth; firm belief; information".[13] While both intent and knowledge are recordations in the mental processes, intent is the "design, resolve, or determination" with which a person acts. While knowledge is concerned with a fact that has happened or occurred, it is information as to such fact. In other words, while one may have an intention to do something in the future, one cannot have knowledge of a fact at a certain time through some happening or occurrence that may take place in the future. Since in the instant case the

knowledge that the Giannakis bicycle was stolen at the time it was purchased by the accused is the essential, constituent element of the crime charged, the majority think that the subsequent happenings cannot throw light upon the knowledge of the defendant on that prior occasion. The opinion of the court is that upon the question of knowledge the cases, properly interpreted, make evidence of other offenses admissible only when it relates to prior offenses[14] or to situations in which the offenses occurred both prior and subsequent to the offense charged in the indictment,[15] and that, consequently, the admission of the evidence of subsequent offenses for the purpose of showing knowledge was fatally prejudicial and necessitates a reversal of the judgment.

The writer of this opinion believes that reason, if not the weight of authority, supports the instruction given by the lower court;[16] and that under the circumstances of the present case there is no logical reason for distinguishing between the admissibility of such evidence when offered to prove either knowledge or intent. Conceding, as the majority does, that it is admissible to prove the latter, I see no reason why it should not be equally admissible to prove the former. Whether appellant intended to defraud the owner of the bicycle would

234; Moffatt v. United States, 8 Cir., 232 F. 522, 533; United States v. Snyder, C.C.Minn., 14 F. 554.

12 See Burge v. United States, 26 App. D.C. 524, 536, 537; Jeffries v. United States, 7 Ind.T. 47, 103 S.W. 761; People v. Harben, 5 Cal.App. 29, 34, 91 P. 398, 400: "While a preconceived plan could not well be inferred from subsequent events, a general system might be deduced from a line of conduct preceding or following the principal event. A system being established, it would matter little whether the act complained of was the first or last individual manifestation of the general plan that could be shown." Schultz v. United States, 8 Cir., 200 F. 234, 237; Withaup v. United States, 8 Cir., 127 F. 530, 532; Borum v. United States, 61 App.D.C. 4, 6, 56 F.2d 301, 303, certiorari denied, Logan v. United States, 285 U.S. 555, 52 S.Ct. 459, 76 L. Ed. 944.

13 2 Bouv. Law Dict., Rawle's Third Revision 1914, page 1809.

14 Dampier v. State, 191 Ind. 334, 132 N.E. 590; People v. Willard, 92 Cal. 482, 28 P. 585; People v. Gotler, 311 Ill. 387, 143 N.E. 63; Poon v. State, 120 Tex.Cr. R. 522, 48 S.W.2d 307. See State v.

Moxley, 41 Mont. 402, 110 P. 83; Tingley v. United States, 10 Cir., 34 F.2d 1. 2, certiorari denied, 280 U.S. 598, 50 S.Ct. 69, 74 L.Ed. 644; Niederluecke v. United States, 8 Cir., 21 F.2d 511; Bismarck v. State, 45 Tex.Cr.R. 54, 73 S.W. 965; State v. Stacey, 153 Or. 449, 56 P.2d 1152; People v. Zimmerman, 11 Cal. App. 115, 104 P. 590; Holt v. United States, 6 Cir., 42 F.2d 103.

15 People v. Gotler, 311 Ill. 387, 390, 391, 143 N.E. 63, 64; Sapir v. United States, 2 Cir., 174 F. 219; State v. Keays, 97 Mont. 404, 34 P.2d 855; People v. Weisenberger, 73 App.Div. 428, 77 N.Y. S. 71; State v. Boyd, 195 Iowa 1091, 191 N.W. 84; State v. Ray, 209 N.C. 772, 184 S.E. 836; Mehlman v. State, 92 Tex. Cr.R. 557, 559, 244 S.W. 602, 603.

16 Jeffries v. United States, 7 Ind.T. 47, 103 S.W. 761; State v. Baker, 84 W. Va. 151, 99 S.E. 252; Heglin v. State, 56 Okl.Cr. 364, 40 P.2d 41; State v. Zeman, 63 Utah 422, 226 P. 465; State v. Albert, 159 Or. 667, 82 P.2d 689. Cf. Mehlman v. State, 92 Tex.Cr.R. 557, 244 S.W. 602; Holt v. United States, 6 Cir., 42 F.2d 103; 106; Note, 105 A.L. R. 1288, 1293; (1939) 25 Va.L.Rev. 234.

seem to be a question inseparable from and dependent upon knowledge of its stolen character, both being conditions of mind existing at the time of receiving the stolen goods. As an eminent text-writer has said: "It is immaterial whether the other possessions occurred *before* or *after* the possession charged; it is the multiplication of instances that affects our belief, and not the time of their occurrence,—provided the time is not so distant as to be accountable for on the theory of chance acquisition."[17] In the view of the writer of this opinion, although several receipts of stolen goods, subsequent to the principal transaction, may be less persuasive than prior transactions, to prove knowledge—as well as intent—the objection goes only to the weight of the evidence and not to its admissibility.[18] Moreover, appellant's objection was only as to the admissibility of the evidence. As it was admissible on other grounds, and as no objection was made to the instruction given or error assigned with respect thereto, no reason exists for reversal in any event.

I think that no difference in principle is involved in proving the essential elements of the crime of receiving stolen goods and in proving the essential elements of forgery and uttering counterfeit money.[19] It has long been held by this and other courts that evidence of subsequent as well as prior offenses is competent and admissible to prove the commission of those offenses.[20]

For these reasons I am compelled to dissent from the decision of the court that the judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.

---

[17] 1 Wigmore, Evidence (2d ed. 1923) § 325. See Jeffries v. United States, 7 Ind.T. 47, 103 S.W. 761.

[18] See Mehlman v. State, 92 Tex.Cr.R. 557, 560, 244 S.W. 602, 603. See also, Price v. United States, 53 App.D.C. 164, 166, 289 F. 562, 564; Hartzell v. United States, 8 Cir., 72 F.2d 569, 584, certiorari denied, 293 U.S. 621, 55 S.Ct. 216, 79 L.Ed. 708; Williamson v. United States, 207 U.S. 425, 451, 28 S.Ct. 163, 172, 52 L.Ed. 278: " 'As has been frequently said, great latitude is allowed in the reception of circumstantial evidence, the aid of which is constantly required, and, therefore, where direct evidence of the fact is wanting, the more the jury can see of the surrounding facts and circumstances the more correct their judgment is likely to be. "The competency of a collateral fact to be used as the basis of legitimate argument is not to be determined by the conclusiveness of the inferences it may afford in reference to the litigated fact. It is enough if these may tend, even in a slight degree, to elucidate the inquiry, or to assist, though remotely, to a determination probably founded in truth." * * * ' " Cf. Holt v. United States, 6 Cir., 42 F.2d 103, 106.

[19] People v. Marino, 271 N.Y. 317, 3 N.E.2d 439, 105 A.L.R. 1283; Sapir v. United States, 2 Cir., 174 F. 219.

[20] Price v. United States, 53 App.D.C. 164, 289 F. 562; State v. McBrayer, 188 La. 567, 579, 177 So. 669, 673; Schultz v. United States, 8 Cir., 200 F. 234, 237; Withaup v. United States, 8 Cir., 127 F. 530. See also, Wood v. United States, 16 Pet. 342, 361, 10 L.Ed. 987.