### COHEN v. UNITED STATES.

#### No. 9736.

Circuit Court of Appeals, Fifth Circuit.

May 26, 1941.

Rehearing Denied July 29, 1941.

**140**

Bart A. Riley, of Miami, Fla., for appellant.

H. S. Phillips, U. S. Atty. and Geo. P. Raney, Jr., Asst. U. S. Atty., both of Tampa, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Jack Cohen was indicted, tried, and convicted for violation of the Mann Act, 18 U.S.C.A. § 398, and was sentenced to serve a term of three years in the penitentiary.

The indictment charged that Cohen violated the Mann Act by transporting his wife, Jean Cohen, from Houston, Texas, to Miami, Florida, "for the purpose of prostitution, debauchery, and other immoral purposes."

■ The record reveals that Cohen married a girl named Virginia Kelly in 1935; that he divorced her in 1937 and thereafter married Jean Emmons; that after he married each of these women he secured "employment" for them in houses of prostitution; that he traveled about the country selling pajamas, evening gowns, and negligees to women in houses of prostitution. The evidence further shows that Cohen traveled into many states together with both Virginia Kelly, his first wife, and Jean Emmons, his second wife; and that he secured "work" for both of them in houses of ill fame in many places. The testimony of Virginia Kelly as to what Cohen did upon other occasions was properly admitted for the purpose of showing his intent with reference to the transportation charged in this case, and the court carefully charged the jury that such evidence was to be considered only as bearing upon intent. Baish v. United States, 10 Cir., 90 F.2d 988; Butler v. United States, 10 Cir., 53 F.2d 800; Neff v. United States, 8 Cir., 105 F.2d 688; Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031; Criminal Law, 22 C.J.S. §§ 690, 691, pp. 1112-1179; Evidence, 20 Am.Jur. § 313, p. 293.

■ Evidence is to be found in the record upon which the jury was warranted in finding (1) that Cohen transported his wife from Texas to Florida, and (2) that such transportation was for the purpose and with the intent of having her engage in public prostitution.

Cohen, as he had a right to do, declined to take the stand or offer evidence in his own behalf, and his wife, Jean Cohen, refused to testify against her husband. No good purpose could be served by parading the evidence in an opinion. It makes up an ugly, sordid story of debauchery and shame as it crawls across the pages of the record from its beginning to end. Where men and women are rocked by unholy passions and desires, and in their blindness cross state lines for illicit and immoral relations, one might conjure up a measure of sympathy for them. No such impulse springs from a reading of this record.

Principles enunciated in the following cases are conclusive of the correctness of the rulings of the court on each and every assignment of error insisted upon by the appellant, Gulotta v. United States, 8 Cir., 113 F.2d 683, 685 (4); Gregg v. United States, 8 Cir., 113 F.2d 687, 690 (1); Oldstein v. United States, 10 Cir., 99 F.2d 305; and cases cited above.

The judgment is affirmed.