## STATE v. ZEMAN.

No. 4061.   Decided March 26, 1924.   Rehearing denied June 9, 1924.
(226 Pac. 465.)

1. CRIMINAL LAW—PROOF OF DEFENDANT'S POSSESSION OF OTHER STOLEN GOODS HELD ADMISSIBLE. Proof of defendant's possession of other goods stolen both before and after the goods particularly involved *held* admissible on question of guilty knowledge.

2. RECEIVING STOLEN GOODS—GUILTY KNOWLEDGE FOR JURY; MAY BE PROVED BY INFERENCES AND CIRCUMSTANCES. Guilty knowledge is question for jury and may be proved by inferences and circumstances.

3. RECEIVING STOLEN GOODS—EVIDENCE HELD TO SUSTAIN CONVICTION. Evidence *held* to sustain conviction for receipt of stolen goods.

4. CRIMINAL LAW—INSTRUCTIONS TO WHICH NO EXCEPTIONS RESERVED, AND GIVING OF WHICH NOT ASSIGNED AS ERROR, NOT REVIEWABLE. Instructions, giving of which is not assigned as er-

Appeal from Third District

ror in appellant's assignments of error and to which no exception is shown in bill of exceptions, are not reviewable.

5. RECEIVING STOLEN GOODS—REFUSAL TO INSTRUCT THAT GOODS MUST HAVE BEEN RECEIVED WITH INTENT TO DEPRIVE OWNER OF POSSESSION HELD NOT ERROR. In prosecution under Comp. Laws 1917, § 8297, for receiving "for his own gain," stolen property, where defendant was not charged with having "received the property with the fraudulent intent of depriving the true owner of the immediate possession thereof," refusal of court to instruct the jury that the property must have been received with such intent was not error.

6. CRIMINAL LAW—FAILURE TO REQUIRE FINDING HELD NOT CONSIDERED IN ABSENCE OF REQUEST, EXCEPTION, OR ASSIGNMENT OF ERROR. Failure of instructions to require finding that goods were received for defendant's own gain will not be considered where he admitted that he bought same at reduced prices and placed same on sale and sold some, and requested no instruction, took no exception, and assigned no error on the subject.

7. CRIMINAL LAW—COURT'S REFERENCE TO EVIDENCE OF DEFENDANT'S GUILT OF OTHER OFFENSES HELD NOT PREJUDICIAL ERROR AS ASSUMING SAME. Where evidence of defendant's possession of stolen goods other than that directly involved was admitted, reference by court to "evidence tending to prove the commission of other alleged offenses" and to "evidence of other offenses if any has been shown" and "evidence of such other like offenses" held not prejudicial as assuming defendant did commit other offenses.

On Application for Rehearing.

8. CRIMINAL LAW—PRESUMED THAT TRIAL OF DEFENDANT WAS BY JURY OF EIGHT. Where judgment roll recited impaneling jury of eight persons followed by names of but seven only, and where bill of exceptions recited examination of prospective jurors until eight men were chosen and sworn as jurors, held, trial of defendant by jury of eight persons would be presumed.

9. CRIMINAL LAW—INSTRUCTION HELD NOT SO FUNDAMENTALLY ERRONEOUS AS TO REQUIRE REVIEW WITHOUT EXCEPTION OR ASSIGNMENT OF ERROR. Instruction, in prosecution for receiving stolen goods, requiring showing beyond reasonable doubt that when defendant received the stolen property it was in the possession of the thief, and that the person who received it took it under such circumstances that a man of ordinary prudence should be satisfied that it was stolen property, held not so fundamentally

erroneous as to require review, in absence of exception or assignment of error.

10. CRIMINAL LAW—LEAVE TO AMEND ASSIGNMENT OF ERROR FIRST REQUESTED ON APPLICATION FOR REHEARING DENIED. Leave to amend assignment of error so as to include assignment based on giving of particular instruction may not be allowed when first requested on application for rehearing.[1]

11. CRIMINAL LAW—INSTRUCTION NOT DEEMED EXCEPTED TO MERELY BECAUSE IT CONFLICTS WITH ANOTHER REQUESTED INSTRUCTION. An instruction cannot be deemed to have been excepted to because conflicting with another requested instruction.

12. CRIMINAL LAW—RECEIPT OF OTHER STOLEN GOODS HELD NOT SO REMOTE AS TO RENDER PROOF OF SAME INADMISSIBLE. Receipt of other stolen goods two years previously *held* not so remote as to render proof of same inadmissible, where, since such receipt, the goods had been continuously in defendant's possession, hidden in the bottom of a trunk; such fact being of more probative value than the actual receipt.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson,* Judge.

L. Zeman was convicted of receiving stolen goods for his own gain, and he appeals.

AFFIRMED.

*Stewart Alexander & Budge,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

CHERRY, J.

The information in this case charges that the defendant did willfully, unlawfully, feloniously, and for his own gain, buy and receive certain described stolen property, consisting of merchandise of the value of $130, well knowing that the

---

[1] *Baglin* v. *Earle-Eagle Mining Co.,* 54 Utah, 572, 184 Pac. 190.

same had been stolen, etc. A trial by jury resulted in a verdict of guilty. His motion for a new trial being overruled, defendant was sentenced to imprisonment in the state prison for an indeterminate term, from which judgment he has appealed to this court.

The record presents for review the admission of certain evidence offered by the state, the sufficiency of the evidence to sustain the verdict, and the giving and refusing to give certain instructions to the jury.

The state, after proving that the goods described in the information had been stolen and had been thereafter received by the defendant, was permitted to show, over defendant's objection, that the defendant had received and had in his possession on March 2, 1922, other merchandise which had been stolen from different merchants at dates both before and after the time when the property described in the information had been stolen, without proving that defendant knew. the property so received had been stolen. This evidence was admitted for the sole purpose of proving guilty knowledge by the defendant at the time he received the property described in the information, and the jury were instructed to consider it for no other purpose.

The admission of this evidence is assigned as error. Defendant's counsel contend that such evidence is incompetent because it was in no way connected with the receipt of the property described in the information, and was not received from the same person, and it was not shown that the defendant knew the property was stolen when he received it. It is further contended that the evidence of defendant's possession of articles stolen subsequent to the date on which he is charged with receiving the property in question was incompetent. In this connection, it must be observed that while the defendant is charged with having received the property in question on or about December 22, 1921, the evidence produced by the state established his possession thereof on March 2, 1922, and the defendant himself claimed that he first obtained it in the early part of February, 1922. The other stolen property shown to have been in the possession of de-

fendant, according to the evidence, had all been stolen on or before January 5, 1922.

The evidence was competent and properly admitted.    1 Referring to such evidence, it is said in 1 Wigmore on Ev. (2d Ed.) § 325:

"(1) It is immaterial whether in the other instances a knowing possession is shown. It is the mere fact of the repeated possession of other stolen goods that lessens the chances of innocence. (2) It is immaterial that the other goods were similar in kind to those charged, or were received from the same person. On the contrary, the greater the variety of goods and of the sources they came from, the more striking the coincidence, and the more difficult to believe the explanation is an innocent one. (3) It is immaterial whether the other possessions occurred before or after the possession charged; it is the multiplication of instances that affects our belief, and not the time of their occurrence, provided the time is not so distant as to be accountable for on the theory of chance acquisition."

These conclusions are supported by numerous cases. *Buechert* v. *State,* 165 Ind. 523, 76 N. E. 111, 6 Ann. Cas. 914; *State* v. *Cohen,* 254 Mo. 437, 162 S. W. 216, Ann. Cas. 1915C, 86; *Commonwealth* v. *McGarvey,* 158 Ky. 570, 165 S. W. 973; *Jeffries* v. *United States,* 7 Ind. T. 47, 103 S. W. 761; *State* v. *Baker,* 84 W. Va. 151, 99 S. E. 252; *State* v. *Boyd,* 195 Iowa, 1091, 191 N. W. 84.

It is urged that the evidence is insufficient to sustain the verdict, because there was no substantial proof that the defendant had knowledge that the property received by him had been stolen.

The defendant was a dealer in new and secondhand clothing, shoes, men's furnishings, etc., and kept a store in Salt Lake City. On December 20, 1921, the property described in the information was stolen from the store of Butterworth & Sons at West Jordan. On March 2, 1922, the property was found in defendant's store at Salt Lake City. At the same time there was also found in defendant's store  merchandise which had previously been stolen from three other merchants, at divers dates, both before and after the time when the property had been stolen from Butterworth & Sons. It was shown that the stolen goods were found in

various places throughout defendant's store, mixed with other goods; that valuable silk shirts were stuck away in underwear boxes and mixed with cotton shirts and men's underwear, and shoes placed in odd boxes; and that the labels and marks on part of the goods had been removed and destroyed.

The defendant claimed that 50 or more valuable silk shirts were received by him through a transaction whereby he loaned a negro $80 on a trunk and other property; that 18 months later, the trunk not having been redeemed, he opened it and for the first time discovered that it contained the silk shirts. He accounted for the possession of the remaining goods by stating that he bought a job lot of merchandise for $163 from an unknown person whose name or place of residence he did not learn, who claimed to have been a dealer in the country and who brought the merchandise to him in a truck and sold it at a discount.

Guilty knowledge may be proved by inferences and circumstances, and is a question of fact for the jury. The proof must amount to more than the creation of a suspicion of guilt, but in this case the possession at one time of merchandise stolen from four separate merchants, the circumstances tending to show an effort to conceal the identity of the goods, together with the questionable improbable explanation of his possession given by defendant, was sufficient evidence to be submitted to the jury on the question of guilty knowledge, and the verdict of guilty cannot be set aside for lack of evidence to support it.

With respect to the instructions of the court to the jury, the principal arguments in appellant's brief are directed to the giving of instruction No. 3 and part of No. 5. The bill of exceptions fails to show any exception to either of these instructions, and the giving of them is not assigned as error in the appellant's assignments of error. They are therefore not reviewable on this appeal.

The defendant requested the court to instruct the jury to the effect that before the defendant could be convicted, it must be shown beyond a reasonable doubt that the defendant "received the property with the fraudulent intent of depriving

the true owner of the immediate possession thereof,'' which request was refused; on account of which error is assigned. The statute (Comp. Laws Utah 1917, § 8297) defining the crime charged is as follows:

"Every person who, for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property exceeding $50 in value, knowing the same to have been stolen, is punishable by imprisonment in the state prison not exceeding five years; if the value of the property so bought or received be $50 or less in value, he is guilty of a misdemeanor."

The information charged that defendant "did willfully, unlawfully and feloniously, and for his own gain, buy and receive certain stolen property," etc. There was no charge that the property was received "to prevent the owner from again possessing his property," and the instruction requested was therefore not pertinent to any matter charged against the accused, and was properly refused.

In this connection, it is argued that the court committed error by omitting, in the instructions given, to specify as an element of the offense that the property was received by the defendant "for his own gain." Upon the facts in the case it is clear that the defendant admitted that he received the property for his own gain. He testified that he bought the property at a reduced price and immediately exposed it for sale in his store and sold portions of it. Of course it was an essential element of the offense charged that the property was received by defendant "for his own gain"; but since that fact was expressly admitted by him, and no request was made to the court to instruct the jury upon it, and no exception taken to the failure to so instruct, and no error assigned upon the subject, this court will not consider it.

A request to instruct that to authorize a conviction the defendant must have "received the property with the fraudulent intent of depriving the true owner of the immediate possession thereof" is not a request to instruct that he must "have received the property for his own gain."

The remaining assignment of error argued relates to the

language used by the court in instruction No. 7, wherein the jury were instructed:

"That the evidence tending to prove the commission of any other alleged offense than the one charged in the information can only be considered by you as bearing on the question of the intent or motive of the defendant, while such evidence is admissible for that purpose, it cannot be considered for any other."

In further reference to such evidence, it is described as "evidence of other offenses, if any has been shown," and "evidence of such other like offenses." The objection urged is that the court by the use of the language quoted assumed that defendant did commit other offenses. The language employed is not subject to such interpretation or objection.

Judgment affirmed.

GIDEON, THURMAN, and FRICK, JJ., concur.

WEBER, C. J., did not participate.

On Application for Rehearing.

CHERRY, J.   Appellant has made application for a rehearing, in which he contends, for the first time, that the record shows that he was tried by a jury of seven persons only, in violation of his right under the Constitution to a trial by a jury of eight persons.

A minute entry contained in the judgment roll recites:

"Whereupon a jury of eight persons is impaneled and sworn to try the within case as follows, to wit. * * *"

Then follows the names of seven persons only. The bill of exceptions recites:

"Thereupon the examination of prospective jurors is commenced and proceeded with until eight men are chosen and sworn as trial jurors in said cause."

No other matter appears in the record which refers to the composition of the jury.

It is not necessary that the record contain the names of the jurors. 17 C. J. 118. It is hard to believe that a trial could proceed before a jury of seven persons only without

comment, objection, or reference to the irregularity;    8
and in view of the whole record we presume that the
clerk omitted a name in making up his minute entry and
that the recitals in the minute entry and in the bill of ex-
ceptions that the jury was composed of eight persons are true.
See *Petty* v. *State,* 59 Tex. Cr. R. 586, 129 S. W. 615.

It is also urged that this court misconceived the law in
refusing to review an instruction to the jury alleged to be
erroneous, notwithstanding no exception was taken and no
error assigned on account of giving it.  It is contended that
the error was so plain and fundamental that it should be
considered without assignment.  The instruction complained
of is as follows:

No. 5.  "You are instructed that if you are not satisfied beyond
a reasonable doubt that the defendant knew that the property de-
scribed in the information was stolen, he is entitled to an acquittal.
The court instructs you that the knowledge may be either actual
knowledge, or it may be knowledge which is imputed to him.    I
mean by that that if the facts and circumstances are such as impute
guilty knowledge, it would be sufficient to sustain a conviction,
without any proof directly to the point, that the defendant at the
time he came into possession of the property in question was in-
formed that it was stolen property.  But the facts must be shown
to your satisfaction beyond a reasonable doubt that, when he re-
ceived it, it was in the possession of the thief who had stolen it
from the owner, and that the person who received it took it under
such circumstances that a man of ordinary prudence and caution
should be satisfied that it was stolen property."

The objection is to the concluding sentence of the instruc-
tion.

By instruction No. 4 the jury were instructed that—

"Before you can find the defendant guilty of the crime charged
in the information you must find from the evidence beyond a rea-
sonable doubt  *  *  *  that at the time of receiving said property
into his possession the defendant knew it was stolen property."

And by instruction No. 6 were charged as follows:

No. 6.  "Evidence has been presented on behalf of the defendant
that the merchandise received by him, and which it is claimed was
stolen, was purchased by him in good faith and without knowledge
at the time that he received such merchandise that it was stolen.
If you find that the defendant did so purchase this merchandise and

at the time of the purchase did not know that the merchandise was stolen, then you must find the defendant not guilty."

Conceding that the portion of the instruction No. 5 complained of is erroneous, it cannot be said, in view of the whole charge upon that subject, that the error is so plain and paramount as to require this court, in order to consider it, to disregard the established rules of legal procedure necessary to an orderly administration of law.

In this connection, appellant now asks leave to amend his assignments of error by including an assignment based upon the giving of the instruction complained of. The amendment, for obvious reasons, cannot be allowed. *Baglin* v. *Earle-Eagle Min. Co.*, 54 Utah, 572, 184 Pac. 190. But if the alleged error were properly assigned, it would not be reviewable here because the attention of the trial court was not directed to it by a proper exception. The ingenious claim that the instruction is to be deemed excepted to because it conflicts with instruction No. 6 which was requested by defendant and given by the court is not convincing.

The sufficiency of the evidence to sustain the verdict and the admission of evidence of the receipt and possession by defendant of other property previously stolen are again exhaustively and ably argued, but we find no sufficient reasons for departing from the conclusions reached in the former decision. One feature of the subject, however, deserves additional notice. It is contended that the evidence of the receipt by defendant of goods stolen two years before the offense charged in the information was too remote and therefore incompetent. It is important to observe that this evidence, as finally developed, was not merely of an independent act occurring two years previously, but involved the continuous possession of the stolen goods under circumstances at least suspicious up to the time of the act charged in the information. The possession of stolen goods concealed in the bottom of a trunk for two years was the fact of more probative value than the receipt of them in the first place. Had these particular goods been received and disposed of two years before the act charged in the informa-

tion, there would have been much force to the claim that the incident was too remote to throw any light upon the intent or knowledge of the defendant when he received the goods in question. But the possession of the goods previously stolen was not remote, but continued to the time of the offense charged in the information.

The petition for a rehearing is denied.

GIDEON, THURMAN, and FRICK, JJ., concur.