476 P.2d 1019

The STATE of Utah, Plaintiff and
Respondent,

v.

Robert "Buddy" WASHINGTON, Defendant
and Appellant.

No. 12088.

Supreme Court of Utah.

Nov. 23, 1970.

James R. Brown, Salt Lake City, for
defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant was charged with the crime of receiving stolen property having a value in excess of $50 and in the same information he was charged with being an habitual criminal.

The jury impaneled in the court below found the defendant guilty of having received stolen property and also that he was guilty of being an habitual criminal. The defendant was thereafter sentenced to the Utah State Prison for the term provided by statute. From the verdict and the judgment the defendant has appealed seeking a reversal of his conviction and sentence.

During the fall of 1969, a number of burglaries were perpetrated in and about the city of Ogden, Utah. At a later time various articles of stolen property were recovered from the residences of Shirley Owens Gallegos, Lester and Fay Hall, and James McClellan by Ogden City police officers. The evidence indicates that the defendant had possession of the property prior to its being recovered by the police officers from the residences above mentioned. The items of personal property consisted of a polaroid camera, a black Persian lamb jacket, a black and white television set, a color television set, a port-able radio, a pendant watch, an antique gun, and a hair dryer.

The owners of the property were called as witnesses by the prosecution and they each testified as to the disappearance of the various items from their homes, and also as to the value of each item. The total value of all of the property as testified to by the owners was in excess of $1200. The evidence also shows that the defendant sold and gave away the property and received therefor the sum of $70. The State did not call experts to testify as to the market value of the property in question.

The defendant testified in his own behalf to the effect that his only connection with the property in question was that he had sold the items of property for a friend of his who was in trouble and was in dire need of raising money to arrange bail for himself. The defendant denied having possession of the property or knowledge that the same had been stolen. On cross-examination inquiry was made of the defendant as to his possession of credit cards and his use of the same prior to his apprehension in the state of Wyoming. The credit cards were shown to be the property of the owner of the polaroid camera referred to above. The credit cards were received in evidence by the court for the sole purpose of impeaching the testimony of the defendant and the court so advised the jury.

After the jury had returned a verdict of guilty of the charge made against the defendant for receiving stolen property, the issue of whether or not the defendant was an habitual criminal was submitted to the jury. The State called as its witness on that issue the Custodian of the Records of the Utah State Prison. The witness testified that he was acquainted with the defendant and that the defendant had been delivered to the prison on three prior occasions pursuant to sentences of various district courts. The witness had with him copies of commitments which he testified were delivered to the prison at the time the defendant was delivered there pursuant to sentence.

■ It is the defendant's contention here that the witnesses Lester Hall, Shirley Owens Gallegos, and Fay Hall, who testified as to their possession of the stolen property and the defendant's connection with the same, were accomplices and that their testimony was insufficient to establish his guilt without other independent evidence tending to connect him with the offense.[1] While these witnesses may have been guilty of similar offenses, the record fails to reveal that they in any way participated with the defendant in the crime here charged against him.[2]

■■ The defendant also contends that the court should have submitted to the jury the issue of whether or not the defendant was guilty of a misdemeanor of receiving stolen property of a value less than $50 and included the offense in that charged against the defendant. While the State did not call an expert as to the market value of the items stolen at or near the time they were in the defendant's possession, nevertheless the owners of the property did testify as to value, as they were entitled to do, and the testimony of these witnesses as to value was ample to support the jury's conclusion that the value of the property was in excess of $50.[3]

■ Defendant also claims that it was error to admit in evidence the credit cards found in the defendant's possession when he was apprehended. The court having limited the admission of these exhibits solely for the purpose of impeachment of the defendant and not to in any way prove or tend to prove the defendant's guilt of the charge made against him, we see no prejudicial error in the action of the court.

■ Defendant also claims that the evidence was insufficient to establish his status as an habitual criminal. The statute does not specify any particular method of proof. We are of the opinion that the

1. Section 77–31–18, U.C.A.1953.

2. State v. Bowman, 92 Utah 540, 70 P.2d 458.

3. State v. Grijalva, 8 Ariz.App. 205, 445 P.2d 88; State v. White, 107 Utah 84, 152 P.2d 80.

**114**

evidence of record is sufficient to support the jury's verdict on the issue of the defendant's status.

We perceive no errors justifying a reversal, and the decision of the District Court is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.