492 P.2d 1353

STATE of Utah, Plaintiff and Respondent,

v.

Philip GEORGOPOULOS, Defendant
and Appellant.

·No. 12574.

Supreme Court of Utah.

Jan. 19, 1972.

Sumner J. Hatch, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice.

Defendant appeals from his conviction by a jury of the crime of knowingly receiving stolen property, a pick-up truck and camper, value over $50.00, and therefore a felony under Sec. 76–38–12 U.C.A. 1953. He challenges the conviction on these grounds: That the conviction is based upon the testimony of an accomplice which did not have the corroboration required by law; and improper admission of evidence (a) concerning other stolen property in the defendant's possession; and (b) evidence obtained by a search warrant which he claims was improvidently issued.

On appeal we survey the evidence, not as claimed by the defendant, but both as to the facts directly shown, and any inferences the jury could fairly and reasonably draw therefrom, in the light favorable to their verdict.[1]

During the night of September 17, 1969 a new Chevrolet truck on which was mounted a new El Dorado camper were stolen from the lot of the Streator Chevrolet Company at 320 West 1300 South in Salt Lake City. Prior to this time the defendant had talked to Ray Richards, telling him that he had access to repossessed campers and discussed the possibility of Richards purchasing one. Just prior to the theft above referred to, defendant told Richards that he could get him such a camper for $1,000 in cash, which Richards turned over to him, but without taking a receipt or other documentary evidence of the transaction. On September 19, two days after the above mentioned theft of the truck and camper, defendant again contacted Richards and told him that he could get him a much better deal, that for an additional $800 he could have both the camper and a new truck. Richards accepted the offer and turned over the additional money, $450 in cash and $350 by check. He testified that the defendant took him to a small warehouse in South Salt Lake and gave him a key to the warehouse containing the Chevrolet truck and El Dorado camper. There were no keys to the vehicle so Richards cross-wired it and moved it to another location. Richards admitted that he repainted the truck and camper. The truck and camper were later identified through the National Auto Theft Bureau as those stolen from the Streator Company lot.

---

1. See State v. Aures, 102 Utah 113, 127 P.2d 872; and State v. Ward, 10 Utah 2d 34, 347 P.2d 865.

Two months later, in December, 1969, Officer Nick Poloukos of the Salt Lake City Police, in investigating reports concerning stolen property, went to a warehouse at 9th West and South Temple. It was later found to be leased to an A & K Trucking Company, and that the defendant Georgopoulos was making the payments. No one responded to the knock of the officers. Officer Poloukos testified that "the overhead door" was sufficiently raised that he could look under it. He obtained the license number of a truck, which checked out to be a stolen vehicle. Upon this information a search warrant was issued and the stolen Chevrolet truck and El Dorado camper, the subject of this conviction, were thus recovered.

In arguing his point that his conviction was based on the uncorroborated testimony of an accomplice defendant places reliance on

Sec. 77–31–18, U.C.A. (1953)

A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof.

The defendant's insistence that the witness Ray Richards was an accomplice is but an ipse dixit of his own. In order for one to be an accomplice it must be shown that he knowingly, voluntarily, and with common intent with the principal offender, united in the commission of a crime, so that he could also be charged with the same offense.[2] What we · say about the witness Ray Richards is not intended to in any way justify or condone his conduct. But the legal question as to whether he was an accomplice and the effect of his testimony present quite a different problem. There are certain aspects of the situation which suggest that he was or should have been aware that the property he was purchasing from the defendant was stolen, notwithstanding his attempted explanations to the contrary. Nevertheless, as will be seen from the facts hereinabove recited, if the defendant received the stolen truck and camper, as the jury have found he did, it was in the defendant's warehouse and thus in his possession before the witness Ray Richards knew anything about this particular truck and camper and paid the money for them on September 19, two days after they had been stolen.

Once the offense of receiving the stolen property had been committed, the subsequent conduct and/or knowledge of the witness Richards with respect to the

---

2. State v. Bowman, 92 Utah 540, 70 P.2d 458; State v. Coroles, 74 Utah 94, 277 P. 203.

**56**

stolen property did not make him an accomplice to the defendant's original offense.[3] The credibility of his testimony as affected by any unseemly aspects of his conduct was for the jury to judge. In view of what has been said above it is unnecessary to further discuss the sufficiency of the State's evidence to sustain the conviction.

■ In regard to defendant's contention that prejudicial error was committed in the introduction of evidence concerning other stolen property in his possession, these observations are made: First; with respect to another camper, when it was not sufficiently identified as a similar camper shown to be in the defendant's possession, the evidence was actually stricken and the jury told to disregard it. Second; as to other evidence: evidence of an accused's continued possession of other stolen property is proper as bearing on the issue of the guilty knowledge of the defendant, and lessening the likelihood that he innocently received the stolen goods subject of the charge against him.[4]

■ Reference to the facts as recited above shows that there is no merit to defendant's unsupported assertion that Officer Poloukos was guilty of a trespass in obtaining the information upon which the affidavit for the search warrant was based. He simply made a plain sight inspection by looking under the door and obtaining the numbers on the 1967 Ford truck, which turned out to be stolen property, and thus provided a proper foundation for the issuance of the search warrant.[5]

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

3. State v. Washington, 25 Utah 2d 111, 476 P.2d 1019.

4. State v. Zeman, 63 Utah 422, 226 P. 465; Wertheimer & Goldberg v. State, 201 Ind. 572, 169 N.E. 40.

5. Sleep v. Morrill, 199 Or. 128, 260 P.2d 487; Amphitheaters, Inc. v. Portland Meadows, 184 Or. 336, 198 P.2d 847; James v. United States, 135 U.S.App.D.C. 314, 418 F.2d 1150; State v. Tapp, 26 Utah 2d 392, 490 P.2d 334 (1971).