The STATE of Utah, Plaintiff and Respondent,

v.

Theron JONES, Defendant and Appellant.

No. 14446.

Supreme Court of Utah.

Sept. 2, 1976.

Paul J. Merrill, Spanish Fork, for appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for respondent.

CHRISTOFFERSEN, District Judge.

The defendant was convicted by a jury of the crime of aggravated assault and was sentenced to a term prescribed by law to the Utah State Prison. After review of the record and referenced legal authorities, we find the appeal to be without merit and it should be dismissed.

The defendant is accused of aggravated assault as against Mr. Jerry Cronin, a BYU student working part time as a process server. Mr. Cronin went to the appellant's home to serve a legal paper, the appellant was not home, but he spoke with the appellant's wife briefly and asked when the appellant might be home. He did not identify himself as a process server; he also indicated nothing further than that his intent was to see her husband personally. He returned two days later. After knocking at the door, he was met by the defendant, rifle in hand pointed directly at Mr. Cronin, who immediately threw up his hands and said, "Forget it sir, I'm getting out of here," and started to leave the premises. He was pursued down the driveway by the appellant, gun in hand, who then reversed the position of the rifle and commenced swinging it like a club. Mr. Cronin ducked, entered his car, and left.

The appellant's position is that he was fearful that Mr. Cronin was there to do harm to him and his wife, and therefore, was chasing him from the property. The jury apparently chose to believe that the appellant, by reason of the facts and circumstances, was not acting in defense of his property or family.

Defense counsel has argued on appeal that the verdict was not supported by the evidence. The disputed issue is whether

the appellant threatened, accompanied by a show of immediate force or violence, to do bodily injury to Jerry Cronin by use of a deadly weapon, to-wit: a firearm; or whether under the circumstances he had a legal right to do what he did. The jury found this factual issue in favor of the state.

■ In order to set aside a jury verdict, the evidence must appear so inconclusive or unsatisfactory that reasonable minds acting fairly upon it must have entertained reasonable doubt that the defendant committed the crime.[1] Also on appeal, the evidence is viewed in the light most favorable to the verdict.[2] We hold that after review of all of the evidence and the fair inferences to be drawn therefrom, reasonable minds could believe beyond a reasonable doubt that defendant was guilty; therefore, the verdict must be sustained.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. *State v. Allgood,* 28 Utah 2d 119, 499 P.2d 269 (1972) ; *State v. Danks,* 10 Utah 2d 162, 350 P.2d 146 (1960).

2. *State v. Ward,* 10 Utah 2d 34, 341 P.2d 865 (1959) ; *State v. Georgopoulos,* 27 Utah 2d 53, 492 P.2d 1353 (1972).